IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 36279

| STATE OF IDAHO, | ) | 2010 Unpublished Opinion No. 653 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: October 1, 2010 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| AMY LYNN LANGWORTHY, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Darla S. Williamson, District Judge.

Order clarifying judgment, affirmed.

Molly J. Huskey, State Appellate Public Defender; Sarah E. Tompkins, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jennifer E. Birken, Deputy Attorney General, Boise, for respondent.

---

PERRY, Judge Pro Tem

Amy Lynn Langworthy appeals from the district court's order clarifying judgment entered after she was reinstated on probation. For the reasons set forth below, we affirm.

The state charged Langworthy with two counts of grand theft. I.C. §§ 18-2403(1); 18-2407(1)(b). Pursuant to a plea agreement, Langworthy pled guilty to one count and the remaining count was dismissed. At sentencing in November 2001, the district court withheld judgment and placed Langworthy on probation for seven years.

In August 2007, the state filed a probation violation alleging that Langworthy had violated her probation by committing a new offense of driving under the influence. Langworthy admitted to the alleged probation violation. At the disposition hearing, the district court did not revoke Langworthy's withheld judgment, reinstated Langworthy on probation "on the same terms and conditions," and added several additional terms for her compliance. Following the hearing, the district court entered its written order reinstating and amending Langworthy's

1

probation which stated: "IT IS HEREBY ORDERED that probation be reinstated upon the same terms and conditions entered by this Court on the 19th of November, 2001, to commence on March 10, 2008." Langworthy did not appeal from the district court's order reinstating her on probation.

In January 2009, the state filed a motion to clarify judgment. The apparent reason for the state's motion was that Langworthy informed probation and parole that her probation had expired. The state sought clarification on whether the district court intended the seven-year probationary period to commence anew on March 10, 2008, or to expire seven years from the original date, November 2001. The state further sought clarification on whether Langworthy's withheld judgment was converted to a judgment of conviction.

At the hearing on the state's motion, the district court clarified that its intent was to commence Langworthy's seven-year probation anew and have it run until 2015. The court further indicated that, although Langworthy still had a withheld judgment and not a judgment of conviction, because Langworthy had violated the terms of her probation she could not have her case dismissed under the law. The state prepared a written order for the court's signature which simply stated that "defendant's withheld judgment is not revoked, but the defendant cannot get her case dismissed." It is from this order that Langworthy appeals.

We first address the state's argument that Langworthy failed to preserve the issue she now raises for appellate review by not appealing from the district court's original order reinstating her probation. We disagree. The state brought this issue to the attention of the district court by filing its motion to clarify. At the hearing, the state requested the court to clarify its intention when it "reinstated" Langworthy's probation as to when the seven-year period "commenced" as those terms were used in the district court's written order. It is precisely that ruling that Langworthy challenges in this appeal. We agree with the state that Langworthy cannot challenge the district court's original decision to reinstate her probation on the same terms and conditions, or challenge any of the additional conditions imposed upon her. However, Langworthy can appeal the district court's clarification of that order explaining that by "reinstating" Langworthy's probation "commencing" March 10, 2008, the court intended that the

2

seven-year period of probation began anew.  Therefore, we conclude the issue is properly before this Court.[1]

Langworthy first asserts that because there is a disparity between the district court's oral ruling and its' written order reinstating probation, that the oral ruling must control.  She argues and cites several Idaho appellate decisions applying that principle to sentencing proceedings. According to Langworthy, this disparity creates a conflict between the court's oral pronouncement of her probationary terms and the court's written order reinstating and amending her probation.  Second, Langworthy claims that if the disparity did not create a conflict, it created an ambiguity.  Langworthy then argues that contract principles require this ambiguity be held against the drafter and in favor of Langworthy.

Probation is a matter left to the sound discretion of the court.  I.C. § 19-2601(4).  The trial court has the discretion to place a defendant on probation under such terms and conditions as it deems necessary and expedient.  I.C. § 19-2601(2).  Once a probation violation has been established, a court may revoke the probation and suspension of sentence or may cause the defendant to be brought before it and may continue or revoke the probation.  I.C. § 20-222.  By order, the court may, at any time, modify any conditions of probation or suspension of sentence. I.C. § 20-221.

Langworthy has failed to show that the district court abused its discretion upon the state's motion to clarify judgment in determining that Langworthy's probation began anew in March 2008.  We disagree that the written order is ambiguous.  It clearly states that Langworthy is being "reinstated" on probation and that the probation "commences" March 2008.  We are also not convinced that there is a disparity between the oral pronouncement of Langworthy's "reinstatement" and the written order reinstating.  One of the original terms of Langworthy's probation was that it was to be for a period of seven years.  At her dispositional hearing on her probation violation Langworthy addressed the district court.  Langworthy stated, "I know that with the help of my friends and family, I can continue to maintain a sober life-style, and I am positive that if you put me on a longer probation, you won't see me in here again."  The district

---

[1]     We are also unimpressed by the state's argument that because the district court's written order of clarification does not include its oral ruling in this regard, Langworthy is barred from seeking appellate review.  The written order in question was prepared by the state for the court's signature and only discusses that Langworthy cannot obtain dismissal of her case in the future, the second clarification sought by the state.

court thereafter reinstated Langworthy's probation on the "same terms and conditions" and then added additional terms for her future compliance. Although the written order was more explicit concerning the district court's intent, it did not create a disparity between the oral and written pronouncement of the terms of probation.

The state sought clarification of what the district court meant when it "reinstated" Langworthy's probation. At the hearing on the state's motion, the court noted that it would not be its regular practice to allow a probation to expire in a year when there had been a major violation of that probation. The court determined that in reinstating Langworthy's probation under the same term and conditions, the probation of seven years started anew. Langworthy has failed to show an abuse of the district court's discretion in that determination.

The district court's order clarifying judgment is affirmed.

Judge GRATTON and Judge MELANSON, CONCUR.